UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| VS. | § § | CRIMINAL ACTION NO. C-08-393 |
| GENERAL MARITIME MANAGEMENT (PORTUGAL) L.D.A., *et al*, | § § § § | |
| Defendants. | § § | |

## ORDER

On this day came on to be considered Ruben Buenbrazo's Opposed Motion to Assert the Attorney-Client Privilege and for Reconsideration of the Court's Order to Disclose a Mirror Image of Ruben Buenbrazo's Computer Hard Drive.[1] (D.E. 90.) For the reasons discussed below, Mr. Buenbrazo's Motion is hereby DENIED. The Court also VACATES its prior order granting the Motion to Depose Material Witnesses (D.E. 73, ¶ 14), and hereby DENIES said motion (D.E. 72).

**I.   Factual and Procedural Background.**

The present dispute revolves around a personal computer belonging to a material witness in the above-styled action, Ruben Buenbrazo. On or around May 28, 2008, Mr. Buenbrazo provided the government with his personal computer, at the government's request, for purposes of allowing the government to search his computer hard drive. (D.E. 91, Ex. 3.) Mr. Buenbrazo signed a "Voluntary Consent to Search" form, in which he gave the government permission to "search [the] computer hard drive for images [and] files pertaining to the M/T Genmar Defiance and create a forensically sound image of the hard drive." (Id.) The government represented to

---

[1] Mr. Buenbrazo's motion was addressed briefly in a July 15, 2008 order, which specified that "[f]urther written opinion of the Court will follow." (D.E. 94.) This order completes the written opinion of the Court.

the Court that it searched the computer hard drive and provided all material relevant to this case to Defendants. (D.E. 80 at 2.)

On July 1, 2008, the Court held a hearing in this action. During the hearing, Defendants requested that the government provide them with the "forensically sound image" of Mr. Buenbrazo's hard drive that the government had made. The Court granted Defendants' request and ordered the government to produce to Defendants, no later than Monday, July 7, 2008, at 5:00 PM, the image of Mr. Buenbrazo's hard drive. (D.E. 73 at 2.) Mr. Buenbrazo and his attorney, Steven Byrne, were present at the hearing and made no objection to the production of the hard drive image.

On Monday, July 7, 2008, at 4:59 PM, the government filed a Motion for Reconsideration of the Court Order to Disclose the Mirror Images of the Hard Drive of the Computer of Ruben Buenbrazo. (D.E. 80.) The government attempted to assert, on Mr. Buenbrazo's behalf, Mr. Buenbrazo's attorney-client privilege, arguing that the privilege would be violated by production of the hard drive image. (Id.) Curiously, the government was not at all concerned that its own search of Mr. Buenbrazo's hard drive had compromised Mr. Buenbrazo's attorney-client privilege in any way. The government also argued that much of the information on the hard drive is irrelevant to the present action. (Id.) On July 8, 2008, the Court denied the government's motion. (D.E. 83.)

Instead of immediately producing the hard drive image to Defendants following the Court's order, the government continued to withhold this discovery. On July 10, 2008, Mr. Buenbrazo's attorney filed a second Motion for Reconsideration of the Court's Order to Disclose the Mirror Image of Ruben Buenbrazo's Computer Hard Drive, the motion addressed in this order. (D.E. 90.) Mr. Buenbrazo argued that there are emails to and from his attorney contained

on the hard drive that are protected by the attorney-client privilege. (Id. at 3.) He also asserted that much of the remaining material on the hard drive is either irrelevant or protected by the spousal communications privilege. (Id.)

On July 11, 2008, Defendants filed their response in opposition to Mr. Buenbrazo's motion. (D.E. 91.) Defendants made several arguments including, most persuasively, that any claim of privilege was waived when Mr. Buenbrazo voluntarily consented to the government's search of his computer. (Id. at 5.) Defendants also provided the Court with evidence, produced by the government, demonstrating that Mr. Buenbrazo had attempted to delete several potentially relevant documents from his computer after the inception of this criminal investigation and following his interview with Defendants.[2] (Id. at 4.) Such evidence calls into question Mr. Buenbrazo's assertion that he seeks to prevent the disclosure of his hard drive for reasons wholly unrelated to the pending criminal case.

The Court held a telephonic conference regarding Mr. Buenbrazo's motion on July 11, 2008, after Defendants had filed their opposition. During the hearing, Assistant United States Attorney Howard Stewart represented to the Court that Mr. Buenbrazo had not, at any time, placed any limitations on the government's ability to search his computer hard drive. (July 11, 2008 Hearing at 1:11:36-1:11:45 (The Court: "Was there any limitation in the access to those computer records of any kind when they were turned over to you [by Mr. Buenbrazo]?" Mr. Stewart: "No.") While Mr. Buenbrazo's attorney suggested at that time that he would like to provide additional evidence in support of Mr. Buenbrazo's motion, he later filed with the Court a Notice of Intent to Present No Evidence In Support of Mr. Buenbrazo's Motion to Reconsider. (D.E. 92.)

---

[2]   The government provided Defendants with a "Computer Media Analysis Report" of Mr. Buenbrazo's computer, which included only the information taken from Mr. Buenbrazo's computer that the government deemed relevant. (D.E. 91, Ex. 4.)

**II.     Discussion.**

    **A.     Mr. Buenbrazo's Motion for Reconsideration (D.E. 90).**

The Court agrees with Defendants that Mr. Buenbrazo waived his attorney-client and spousal communications privileges when he voluntarily disclosed the entire contents of his computer hard drive to the government.

It is well-established that disclosure of attorney-client communications to a third party lacking a common legal interest will result in a waiver of the attorney-client privilege. In re Santa Fe Int'l Corp., 272 F.3d 705, 711 (5th Cir. 2001) ("The attorney-client privilege is waived if the confidential communication has been disclosed to a third party …"); Shields v. Sturm, Ruger & Co., 864 F.2d 379, 382 (5th Cir. 1989) ("The attorney-client privilege … is waived by disclosure of confidential communications to third parties."); see also United States v. Wade, 203 Fed. Appx. 920, 924 (10th Cir. 2006) (quoting United States v. Ryans, 903 F.2d 731, 741 n.13 (10th Cir. 1990) ("The law governing the waiver of the attorney-client privilege provides that '[t]he attorney-client privilege is lost if the client discloses the substance of an otherwise privileged communication to a third party.'")). Thus, Mr. Buenbrazo's voluntary disclosure of his computer to the government and grant of permission to "search [the] computer hard drive for images [and] files pertaining to the M/T Genmar Defiance and create a forensically sound image of the hard drive," (D.E. 91, Ex. 3), waived his attorney-client privilege with respect to all of the materials contained on the hard drive. Mr. Buenbrazo may not, after giving the government unlimited access to his hard drive's contents, deny that same access to Defendants.

Mr. Buenbrazo's assertion of the spousal communications privilege is equally unavailing. Like the attorney-client privilege, the spousal communications privilege is waived by a spouse's disclosure of the confidential communications to a third party. United States v. Koehler, 790

F.2d 1256, 1258 (5th Cir. Tex. 1986) (citing Wolfle v. United States, 291 U.S. 7, 14 (1934)) ("[T]he spousal communication privilege applies only to husband/wife communications when no third party is present."); United States v. Burkhart, 501 F.2d 993, 995 (6th Cir. 1974) ("[A]ny marital privilege that may have existed was waived when Appellant introduced his wife's statements during cross-examination of the Government witnesses"); Knepp v. United Stone Veneer, LLC, Civil Action No. 4:06-CV-1018, 2007 U.S. Dist. LEXIS 65423, at *12-13 (M.D. Pa. Sept. 5, 2007) ("If the spouse claiming the [spousal communications] privilege is also the spouse that made the communication and then voluntarily disclosed it to a third-party, we have no doubt that the privilege would be waived."); Bila v. Radioshack Corp., C.N. 03-10177-BC, 2004 U.S. Dist. LEXIS 24649, at *46 ( E.D. Mich. Nov. 22, 2004) ("The marital privilege for confidential communications no longer protected those conversations [between plaintiff and his wife] from disclosure since the plaintiff himself disclosed them [during deposition]."). Thus, Mr. Buenbrazo waived his spousal communications privilege when he voluntarily provided his computer to the government.[3]

### B. The Motion to Depose Material Witnesses (D.E. 72).

As stated above, the Court also VACATES its prior order granting the Motion to Depose Material Witnesses (D.E. 73, ¶ 14), and now DENIES said motion (D.E. 72). Because the material witnesses have been ordered to remain in the United States pending trial (D.E. 94), pretrial depositions will not be allowed. The Government and the Defendants may call the material witnesses to testify in-person at trial.

---

[3] To the extent that Mrs. Buenbrazo (1) has a spousal communications privilege with respect to any communications that she made to Mr. Buenbrazo and that are recorded on Mr. Buenbrazo's computer, and (2) wishes to object to the admission of such communications as evidence at trial, the Court will consider such objections when/if they arise. Mrs. Buenbrazo may *not* assert her spousal communications privilege to prevent production of her communications to Defendants, only to prevent her communications from being admitted as evidence at trial. The Court takes no position at this time as to whether such a challenge by Mrs. Buenbrazo would be successful. Also, this does not apply to communications made by Mr. Buenbrazo to his wife, only to communications made by Mrs. Buenbrazo to her husband.

**III.     Conclusion.**

Based on the foregoing:

(1)   Mr. Buenbrazo's Motion to Reconsider (D.E. 90) is hereby DENIED. The government must produce to Defendants, instanter, the mirror image of Mr. Buenbrazo's hard drive in its entirety.

(2)   The Court's prior order granting the Motion to Depose Material Witnesses (D.E. 73, ¶ 14) is hereby VACATED.

(3)   The Motion to Depose Material Witnesses (D.E. 72) is hereby DENIED.

SIGNED and ORDERED this 21st day of July, 2008.

_____
Janis Graham Jack
United States District Judge